UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARQUEZ B. PERRY,
    Plaintiff,

vs.

WARDEN WARREN
CORRECTIONAL INSTITUTION, *et al.*,
    Defendants.

Case No. 1:20-cv-30

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Facility, has filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint. (Doc. 1). Noting that plaintiff's initial complaint was single-spaced and thirty pages long and that plaintiff had also filed three motions to amend his complaint, the Court ordered plaintiff, on March 20, 2020, to file a single, double-spaced, comprehensive complaint, which must not exceed 20 pages in length, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim within thirty (30) days (Doc. 7). *See* Fed. R. Civ. P. 8(a); *see also* S.D. Ohio Local Rule 5.1. To date, plaintiff has not complied with the Court's March 20, 2020 Deficiency Order.

On March 25, 2020, plaintiff filed a motion for a preliminary injunction (Doc. 8), which is currently before the Court. In that motion, plaintiff requests an Order requiring the Warden and Institutional Inspector Issac Bullock to grant him access to the inmate grievance kiosk machine and to provide him with copies of various grievances (Doc. 8).[1]

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

---

[1] On March 25, 2020, plaintiff also filed a fourth motion to amend his complaint. (Doc. 9). Because the Court advised plaintiff in its March 20, 2020 Deficiency Order that no further motions to amend would be entertained until the Court has screened a single, comprehensive complaint setting forth all of plaintiff's claims and defendants, the Court has denied plaintiff fourth motion to amend (Doc. 9) in a separate Order.

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010)

(citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. Plaintiff has not complied with the Court's March 20, 2020 Deficiency Order directing plaintiff to file a single, comprehensive complaint setting forth all of plaintiff's claims and defendants. (Doc. 7). Further, plaintiff has made no attempt to apply the above factors to his situation.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring the correction of deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for preliminary injunction (Doc. 8) be **DENIED.**

Date: 3/30/20                                                                 s/Karen L. Litkovitz
                                                                                          Karen L. Litkovitz
                                                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARQUEZ B. PERRY,
    Plaintiff,

vs.

WARDEN WARREN
CORRECTIONAL INSTITUTION, *et al.*,
    Defendants.

Case No. 1:20-cv-30

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4