UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUEZ B. PERRY, | : | Case No. 1:20-cv-30 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN WARREN CORRECTIONAL INSTITUTION, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE (Doc. 15)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on June 19, 2020, submitted a Report and Recommendation. (Doc. 15). Plaintiff filed objections to the Report and Recommendation on June 29, 2020. (Doc. 19).

After reviewing the Report and Recommendation, Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken.

First, Plaintiff argues that the Magistrate Judge erred in concluding that there is no private right of action under the Prison Rape Elimination Act ("PREA"). (*Id.* at 2). Plaintiff asserts that he "can find no 6th Circuit case or Supreme Court ruling" that stands for this proposition. (*Id.*)

It appears that Plaintiff is correct in noting that neither the Sixth Circuit nor the Supreme Court has explicitly stated whether there is a private right of action under PREA. Nevertheless, on the Court's review, the Magistrate Judge properly concluded that no such private right of action exists. (Doc. 15 at 12). It is well-established that, "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit . . . ." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Here, PREA was enacted to address the problem of prison rape by creating national standards regarding its prevention, detection, and punishment. 34 U.S.C. § 30302 (setting forth PREA's purposes). However, nothing in the statute indicates an intent to give specific rights to prisoners. 34 U.S.C. § 30301, *et seq*. Thus, under *Gonzaga*, the Court cannot conclude that a private right of action exists.

Importantly, numerous other courts in this Circuit have reached this same conclusion. *See, e.g.*, *McCall v. Stegemoller*, No. 2:18-CV-228, 2018 WL 2725433, at *2 (S.D. Ohio June 6, 2018) ("PREA does not grant inmates substantive rights and nothing in PREA indicates that it created a private right of action."), *report and recommendation adopted*, No. 2:18-CV-228, 2018 WL 3213284 (S.D. Ohio June 29, 2018); *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.").

In light of the foregoing, Plaintiff's first objection is not availing.

Plaintiff also argues that the Magistrate Judge erred in concluding that dismissal was appropriate with regard to his claims against: (1) the Ohio Department of Rehabilitation and Correction prison director; and (2) "BOSC"—which Plaintiff has identified in an earlier submission as the "Bureau of Classification and Security." (Doc. 19 at 2–4; *see* Doc. 15 at 4).  However, on the Court's review, Plaintiff has not identified any specific errors with the Magistrate Judge's analysis. (Doc. 19 at 2–4).  Instead, Plaintiff has merely elaborated upon various allegations already presented in his initial pleading. (*Id.*)  The Court will not revisit the Magistrate Judge's well-reasoned conclusions on the basis of such generalized objections. *Cf. Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (setting forth the specificity requirements applicable to objections).  Plaintiff's remaining objections are not availing.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly:[1]

1. The Report and Recommendation (Doc. 15) is **ADOPTED**;

2. Plaintiff's objections (Doc. 19) are **OVERRULED**;

3. Plaintiff's complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** Plaintiff's claims

---

[1] *Infra*, for sake of brevity, this Court uses the same party name abbreviations as those used by the Magistrate Judge in the Report and Recommendation. (*See generally* Doc. 15).

against Defendants Burke, Ewen, McIntosh, Hill, and Fornier for failure to protect Plaintiff from alleged rape by his cellmate in July 2019; against Defendants Burke, Little, C.O. John Doe, and Fornier for denying Plaintiff medical and mental-health care following his alleged rape; against Defendants Eulenburg and Miller for deliberate indifference to Plaintiff's safety by allegedly leaking plaintiff's confidential statement; against Defendant Eulenburg for allowing Plaintiff's alleged rapist to be placed in a cell directly across from Plaintiff; against Defendant Sarwar for deliberate indifference to Plaintiff's safety by failing to transfer him following his alleged rape and the leaking of his confidential statement; against Defendants Combs, Sarwar, and Luneke for failure to protect Plaintiff from attack from inmate Harris in November 2019; against Defendant Teague for sexual assault in March 2020; against Defendants Bach, Little and Teague for retaliation, and, in an abundance of caution, against the Defendant Warden for failure to protect and deliberate indifference on a failure-to-train theory;

4. The Court **DECLINES** to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed Defendants ODRC, ODRC Director, BOSC, John Doe of BOSC, WCI, WCI Investigator's Office, Chamblin, and Bullock and **DISMISSES** any such claims **without prejudice**; and

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 7/16/2020  *s/Timothy S. Black*
Timothy S. Black
United States District Judge

4