UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARQUEZ B. PERRY,
    Plaintiff,

vs.

WARDEN WARREN
CORRECTIONAL INSTITUTION, *et al*.,
    Defendants.

Case No. 1:20-cv-30
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against Warren Correctional Institution (WCI) employees claiming violations of his constitutional rights stemming from a July 2019 sexual assault by his WCI cellmate.[1] This matter is before the Court upon plaintiff's motion for default judgement (Doc. 38), plaintiff's motions for appointment of counsel (Docs. 30, 39), plaintiff's motion requesting a preliminary injunction and temporary restraining order (Doc. 40), defendants' response in opposition to the motion for preliminary injunction and temporary restraining order (Doc. 42), and plaintiff's reply memorandum (Doc. 45).

**1. Motion for default judgment (Doc. 38)**

Plaintiff moves the Court for default judgment against all defendants except Warden Mitchell alleging that the remaining defendants failed to answer the complaint. (Doc. 38). Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[1] At the time plaintiff filed his initial complaint, he was confined at WCI. He indicates in his amended complaint that he is currently confined at SOCF. (*See* Doc. 12, at PAGEID 150). Plaintiff indicates in his motion for preliminary injunction and temporary restraining order that he remains incarcerated at SOCF. (*See* Doc. 40, at PAGEID 332; Doc. 45, at PAGEID 386).

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff is not entitled to an entry of default and default judgment because the remaining defendants have not failed to plead or otherwise defend this case but have filed a timely answer to plaintiff's amended complaint (Doc. 41). It is therefore recommended that plaintiff's motion for default judgment be **DENIED**.

**2. Motions for Appointment of Counsel (Docs. 30, 39)**

Plaintiff moves the Court for the appointment of counsel. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motions for appointment of counsel (Docs. 30, 39) are therefore **DENIED**.

**3. Motion for Settlement Conference (Doc. 25)**

Plaintiff moves the Court for a settlement conference. In plaintiff's subsequently filed motion to appoint counsel (Doc. 39), plaintiff indicates he has no desire to now settle this case and wishes instead to withdraw his previously filed motion for a settlement conference. (Doc.

39, at PAGEID 335-336).  The Court construes plaintiff's request as a motion to withdraw his motion for a settlement conference.  (Doc. 25).  Accordingly, plaintiff's motion to withdraw his motion for a settlement conference is **GRANTED** and plaintiff's motion for a settlement conference (Doc. 25) is therefore **DENIED** as moot.

**4. Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 40)**

Plaintiff moves the Court for a preliminary injunction and temporary restraining order and asks the Court to place him in the Ohio Department of Rehabilitation and Correction (ODRC) protective custody program instead of remaining in general population.[2]  Plaintiff claims he is in immediate danger from gang members at SOCF for reporting the sexual assault at WCI because he "gave several statements to prison officials."  (Doc. 40, at PAGEID 327).  Plaintiff states he is "under constant threat of harm" and is "being extorted out of money."  (*Id*.).  Plaintiff further alleges he has been threatened with death if his money runs out.  (*Id*., at PAGEID 327, 331).

In opposition to plaintiff's motion, defendants argue that plaintiff was transferred from WCI, where he was allegedly sexually assaulted by his cellmate, to SOCF on or about April 16, 2020.  (Doc. 42, at PAGEID 350).  Defendants state that plaintiff's claims in this case arise from actions allegedly occurring while he was an inmate at WCI.  (*Id*.).  Defendants allege this is significant because "[n]ot one of the remaining Defendants work at SOCF, the penal institution where inmate Perry is now housed," and the WCI defendants cannot provide the injunctive relief plaintiff now seeks.  (*Id*., at PAGEID 351)

In determining whether to issue a preliminary injunction/temporary restraining order, this

---

[2] The Court denied plaintiff's previous motion for preliminary injunction and temporary restraining order.  (Docs. 10, 21).

3

Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both

sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. Although plaintiff alleges he is under constant threat of harm and death, these conclusory allegations of vague threats and harassment are insufficient to warrant an injunction. He has not identified the individuals making these threats, when such threats occurred, and to whom in the prison he reported such threats. He has not established a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served. The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981); *see also Martin*, 924 F.2d at 102. Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010) (*quoting Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). "This is because

5

'[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin,* 605 F.3d at 300 (*quoting Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997)). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985).

In this case, plaintiff's injunctive relief motion alleges new claims against officials at SOCF and/or ODRC who allegedly denied his request for protective custody. Officials at SOCF are not parties to the instant case (Doc. 16) and were not involved in the actions at WCI giving rise to plaintiff's amended complaint. The Court may not enjoin non-parties and will not issue injunctive relief that is unrelated to the plaintiff's underlying claims. *Jeter v. Ohio Dept. of Rehab. & Corr.*, No. 1:17-cv-756, 2018 WL 5783691, at *2 (S.D. Ohio Nov. 5, 2018), *report and recommendation adopted*, 2019 WL 296190 (S.D. Ohio Jan. 23, 2019) (citing *Sidiq v. Champion*, No. 2:04-cv-89, 2006 WL 1275403, at *2 (W.D. Mich., May 8, 2006)) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)). Furthermore, plaintiff fails to allege that any of the named defendants who remain *in this case* have taken any action related to the alleged denial of protective custody at SOCF. Therefore, plaintiff is not entitled to injunctive relief.[3]

---

[3] Nothing in this Order and Report and Recommendation prevents plaintiff from filing a new action against the appropriate individuals at SOCF to the extent that plaintiff is seeking to bring an Eighth Amendment claim against those officials. This is appropriate only after plaintiff has sought protective control under Ohio Admin. Code § 5120-9-14 and exhausted his administrative remedies under Ohio Admin. Code § 5120-9-31.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for default judgment (Doc. 38) be **DENIED**.

2. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 40) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

3. Plaintiff's motions for appointment of counsel (Docs. 30, 39) are **DENIED**.

4. Plaintiff's motion for settlement conference (Doc. 25) is **DENIED** as moot.

Date: 12/4/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARQUEZ B. PERRY,  
    Plaintiff,

vs.

WARDEN WARREN  
CORRECTIONAL INSTITUTION, *et al.*,  
    Defendants.

Case No. 1:20-cv-30  
Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).