# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARQUEZ B. PERRY,<br>    Plaintiff, | Case No. 1:20-cv-30<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN WARREN<br>CORRECTIONAL INSTITUTION, *et al.*,<br>    Defendants. | **ORDER** |

Plaintiff, an inmate currently incarcerated at the Toledo Correctional Institution ("TOCI"), brings this civil rights action under 42 U.S.C. § 1983 against Warren Correctional Institution ("WCI") employees claiming violations of his constitutional rights stemming from a July 2019 sexual assault by his WCI cellmate.[1] This matter is before the Court upon plaintiff's motion to designate defendant Miller as John Doe #2 (Doc. 51), plaintiff's motions for discovery (Docs. 52, 61), defendants' motions to strike (Docs. 58, 62) and plaintiff's response in opposition (Doc. 66), plaintiff's motions for the appointment of counsel (Docs. 60, 71), plaintiff's motions for subpoenas (Docs. 63, 64, 65), defendants' response in opposition and supplemental declaration regarding Doc. 64 (Docs. 68, 69) and plaintiff's response in opposition (Doc. 72).

**1. Plaintiff's motion to designate defendant Miller as John Doe #2 (Doc. 51)**

Plaintiff moves the Court to designate defendant Miller as John Doe #2 because plaintiff does not know defendant Miller's first name. (Doc. 51). Plaintiff alleges that the summons issued to defendant Miller was returned as unexecuted because more than one individual with the name Miller exists at WCI. (*Id.*). For good cause shown, the Court **GRANTS** plaintiff's motion

---

[1] At the time plaintiff filed his initial complaint, he was confined at WCI. Thereafter, plaintiff indicated in his amended complaint that he was confined at the Southern Ohio Correctional Facility. (*See* Doc. 12 at PAGEID 150). On May 5, 2021, plaintiff filed a notice of change of address informing the Court that he currently resides at TOCI. (Doc. 70).

(Doc. 51) based on the unexecuted summons (Doc. 44) and plaintiff's inability to identify defendant Miller's first name. The Court **DIRECTS** the Clerk to change the docket sheet to reflect that defendant Miller will be designated as John Doe #2.

If and when plaintiff discovers the identity of John Doe #2 through discovery, the Court **ORDERS** plaintiff to file a motion requesting service of process on this defendants. The motion must include a copy of his complaint and United States Marshal and summons forms for the newly named defendant. Plaintiff is advised that no service will be issued on the unnamed defendant unless plaintiff complies with this Order.

**2. Plaintiff's motions for the appointment of counsel (Docs. 60, 71)**

Plaintiff moves the Court for the appointment of counsel. (Docs. 60, 71). Plaintiff previously filed two motions for the appointment of counsel (Docs. 30, 39) which were denied. (Doc. 47). As explained previously (Doc. 47), the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motions for the appointment of counsel (Docs. 60, 71) are therefore **DENIED**.

### 3. Plaintiff's motions for discovery (Docs. 52, 61)

Plaintiff filed two documents pertaining to discovery in this matter seeking the Court's assistance in obtaining materials from defendants regarding this lawsuit. (Docs. 52, 61). Specifically, plaintiff moves the Court to order the Warden of WCI to turn over to plaintiff all materials surrounding sexual assault allegations that allegedly occurred in July 2019, November 2019, and March 2020 "as well as any material with any relevance to this complaint." (Doc. 52 at PAGEID 410; *see also* Doc. 61 at PAGEID 436). Plaintiff also asks the Court to order defendants to turn over video footage from specified dates and times. (*Id*. at PAGEID 411-12; Doc. 61 at PAGEID 437-38). Plaintiff further requests permission to depose all the defendants in this matter and "non defendants," "as well as [his] own deposition." (*Id*. at PAGEID 412-13; *see also* Doc. 61 at PAGEID 438). Finally, plaintiff seeks all informal complaints and grievances in Doc. 6 of his complaint as well as all other grievances relevant to his complaint. (*Id*. at PAGEID 414; Doc. 61 at PAGEID 436).

In response, defendants filed two motions to strike plaintiff's discovery requests from the docket of the Court. (Docs. 58, 62). Defendants argue under Fed. R. Civ. P. 34(a), discovery requests must be served on defendants through their counsel as opposed to filing them with the Court. (Doc. 58 at PAGEID 429; Doc. 62 at PAGEID 441). Defendants further argue that under Federal Rule of Civil Procedure 5(d)(1), discovery requests must not be filed with the Court until they are used in the proceeding or the Court orders the requests be filed. (Doc. 58 at PAGEID 429-30; Doc. 62 at PAGEID 441-42).

Plaintiff responds that the Court should deny defendants' motion to strike because pleadings by pro se plaintiffs "should not be held to the same standards of trained lawyers." (Doc. 66 at PAGEID 463). Plaintiff contends that an order by the Court "could be the

3

appropriate way to get said records" because he has not been "provided the entirety of these requested records." (*Id*.).

Pursuant to Fed. R. Civ. P. 5(d)(1), "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(l). Here, plaintiff improperly filed his motions for discovery because they are not yet the subject of any motion to compel, and the Court had not ordered plaintiff to file them. *Id*. Accordingly, the Court **GRANTS** defendants' motions to strike (Docs. 58, 62) and plaintiff's motions for discovery (Docs. 52, 61) shall be **STRICKEN**.

To the extent that plaintiff seeks to compel defendants to produce documents, plaintiff likewise failed to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1.

There is no indication from plaintiff's motions that he first served requests for discovery on defendants through counsel pursuant to Fed. R. Civ. P. 34, that defendants refused to comply

4

with such requests, or that the parties attempted to resolve any dispute prior to the filing of the motions. (*See* Doc. 58 at PAGEID 430). Before plaintiff may file any motions in Court seeking to compel discovery, he must contact counsel for defendants in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the extrajudicial means which have been attempted to resolve differences. Because plaintiff failed to do so in this case, his motions for discovery are alternatively **DENIED** on this basis.

**4. Plaintiff's motions for subpoenas (Docs. 63, 64, 65)**

   **A. Docs. 63, 64**

Plaintiff moves to subpoena video evidence from defendants (Docs. 63, 64); however, subpoenas generally apply to non-parties. *See* Fed. R. Civ. P. 45(a); C. Wright & A. Miller, Federal Practice and Procedure § 2107 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom the documents are sought] is a party. . . ."). The Federal Rules of Civil Procedure provide discovery mechanisms such as document requests and interrogatories which plaintiff may utilize to obtain the requested information from defendants. *See, e.g.*, Fed. R. Civ. P. 33, 34. Plaintiff must utilize these discovery mechanisms in order to obtain documents and evidence in the control and custody of defendants. Accordingly, plaintiff's motions to subpoena video evidence from defendants (Docs. 63, 64) are **DENIED** on this basis.

The Court also notes that to the extent that plaintiff is requesting video footage from the Ohio Department of Rehabilitation and Correction ("ODRC"), plaintiff's motion is **DENIED** on

5

a separate basis because the requested video footage does not exist.  Defendants filed a response in opposition representing that the requested video footage from the ODRC does not exist.  (Doc. 68).  Moreover, defendants filed a declaration of Brian Baker, Warden's Assistant at the WCI, who declared that the video footage for plaintiff's requested dates does not exist.  (Doc. 69-1).

Defendants cannot be compelled to produce video footage that does not exist.  *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."); *Young v. Hooks*, No. 2:16-cv-250, 2020 WL 415609, at *7 (S.D. Ohio Jan. 27, 2020) ("Defendant has represented that no video of the allege incident exists.  The Court cannot compel Defendant to produce something that does not exist.").  Accordingly, plaintiff's motions to compel video footage from the ODRC is also **DENIED** as the video footage does not exist.

### B.  Doc. 65

Plaintiff filed a motion to subpoena "all documents and investigative materials related to the July – 2019 rape allegations made by [plaintiff] against Kevin Freeman" from the Ohio State Highway Patrol.  (Doc. 65).  Plaintiff alleges that the rape allegations were "investigated by Trooper Stanfield and include interviews of all persons involved and these documents have relevant information to this suit."  (*Id.*).

The Court notes that "a plaintiff who is proceeding *in forma pauperis* should only be entitled to subpoena witnesses after the Court determines the relevancy of the requested documents or testimony and the ability of the plaintiff to pay a witness fee, mileage and other costs, if applicable."  *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 3236476, at *1 (S.D. Ohio July 28, 2011).  *See also Ruiz v. Collado*, No. 15-22618; 2016 WL 11665998, at *1 (S.D. Fla.

6

Mar. 22, 2016) ("To the extent the plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is proceeding in this action as an *in forma pauperis* litigant, he is mistaken. Plaintiff is advised that his *in forma pauperis* status does not entitle him to free services such as . . . conducting discovery . . . [and] issuing subpoenas for the production of records from non-parties, etc."); *Barnett v. Norman*, No. 1:05-cv-1022, 2012 WL 2397423, at *1 (E.D. Cal. June 25, 2012) (plaintiff *proceeding in forma pauperis* must still "pay the fees associated with subpoenas of third parties."); *Smith v. Pendergrass*, Nos. 1:02-cv-125, 1:02-cv-126, 2003 WL 21919182, at *3 (N.D. Ind. June 17, 2003) ("[W]hile a *pro se* prisoner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs. . . .").

Here, plaintiff makes no attempt to demonstrate his ability to pay any related costs or fees with the issuance of the subpoena. For this reason, plaintiff's motion for subpoena (Doc. 65) is **DENIED**.

Even if, however, plaintiff made such a showing, plaintiff appears to be requesting the same materials as he is requesting in his motions for discovery. (Docs. 52, 61). Specifically, in his motions for discovery plaintiff asks the Court to order defendants to turn over all "investigative materials" surrounding his sexual assault by Kevin Freeman that allegedly occurred in July 2019. (Doc. 52 at PAGEID 410; *see also* Doc. 61 at PAGEID 436). Similarly, in this motion, plaintiff is requesting all "investigative materials" related to the July 2019 rape allegations against Kevin Freeman. (Doc. 65 at PAGEID 461). To the extent that the "investigative materials" sought by plaintiff in Doc. 65 are the same "investigative materials" sought by plaintiff in Docs. 52 and 61, the Court also **DENIES** plaintiff's motion for subpoena

(Doc. 63) on this basis for the reasons set forth above.  Plaintiff may request such information from defendants through discovery requests sent to defendants' lawyer.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to designate defendant Miller as John Doe #2 (Doc. 51) is **GRANTED**. The Court **DIRECTS** the Clerk to update the docket sheet to reflect that defendant Miller will be designated as John Doe #2;

2. Plaintiff's motions for the appointment of counsel (Docs. 60, 71) are **DENIED**;

3. Plaintiff's motions for discovery (Docs. 52, 61) are **DENIED**;

4. Defendants' motions to strike Docs. 52, 61 from the docket of the Court (Docs. 58, 62) are **GRANTED** and plaintiff's motions for discovery (Docs. 52, 61) are therefore **STRICKEN** from the docket of the Court; and

5. Plaintiff's motions for subpoenas (Docs. 63, 64, 65) are **DENIED**.

    **IT IS SO ORDERED.**

Date: 7/3/2021

    Karen L. Litkovitz
    Chief United States Magistrate Judge