## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARQUEZ B. PERRY,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No. 1:20-cv-00030** |
| | | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge Silvain** |
| **WARDEN, WARREN CORRECTIONAL** | | |
| **INSTITUTION, *et al.*,** | : | |
| **Defendants.** | : | |

### OPINION AND ORDER

Plaintiff Marquez B. Perry, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting claims of violations of his rights under the United States Constitution and federal law while confined at the Warren Correctional Institution ("WCI"). On August 16, 2022, the Magistrate Judge recommended that Defendants' *Motion for Summary Judgment*, ECF No. 87, be granted as to all claims except Plaintiff's claim of sexual assault by one Defendant. *Report and Recommendations*, ECF No. 122. This matter is now before the Court on the parties' objections to that recommendation. *Defendants' Objections to the Magistrate Judge's Report and Recommendation Issued on August 16, 2022*, ECF No. 127 ("*Defendants' Objections*"), *Plaintiff[']s Objections to Magistrate[']s* [sic] *"R and R"*, ECF No. 128 ("*Plaintiff's Objections*"). Also before the Court is *Plaintiff's Motion for Summary Judgment*, ECF No. 113.

### I.     STANDARD OF REVIEW

In reviewing objections to a magistrate judge's report and recommendation addressing dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *Baker v. Peterson*, 67 F. App.'x 308-310 (6ᵗʰ Cir. 2003). This standard of review applies to any portion of the report and recommendation to which a proper objection has been made. *Richards v. Calvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept.

30, 2013). A general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.        PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

Following the initial review of Plaintiff's *Amended Complaint*, ECF No. 16, required by 28

U.S.C. §§1915(e)(2)(B), 1915A(b), only certain of Plaintiff's claims under the First and Eighth

Amendments against various WCI officials were permitted to proceed:

> [It is recommended that the] complaint be DISMISSED with prejudice pursuant to 28
> U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against
> defendants Burke, Ewen, McIntosh, Hill, and Fornier for failure to protect plaintiff from
> alleged rape by his cellmate in July 2019; against defendants Burke, Little, C.O. John
> Doe, and Fornier for denying plaintiff medical and mental-health care following his
> alleged rape; against defendants Eulenburg and Miller for deliberate indifference to
> plaintiff's safety by allegedly leaking plaintiff's confidential statement; against defendant
> Eulenburg for allowing plaintiff's alleged rapist to be placed in a cell directly across from
> plaintiff; against defendant Sarwar for deliberate indifference to plaintiff's safety by
> failing to transfer him following his alleged rape and the leaking of his confidential
> statement; against defendants Combs, Sarwar, and Luneke for failure to protect plaintiff
> from attack from inmate Harris in November 2019; against defendant Teague for sexual
> assault in March 2020; against defendants Bach, Little and Teague for retaliation, and, in
> an abundance of caution, against the defendant Warden for failure to protect and
> deliberate indifference on a failure-to-train theory.

*Order and Report and Recommendation*, ECF No. 15; *Decision and Entry Adopting Report and*

*Recommendation*, ECF No. 22. Among the claims dismissed on initial review were Plaintiff's claims of

denial of equal protection and claims based on the Prison Rape Elimination Act, 42 U.S.C. § 15601

("PREA").[1]

Discovery by the parties proceeded on the remaining claims, and the parties filed motions for

summary judgment. As noted above, the Magistrate Judge recommended that all remaining claims be

dismissed except Plaintiff's claim that Defendant Teague sexually assaulted Plaintiff in March 2020.

*Order and Report and Recommendation*, ECF No. 122.

---

[1]Plaintiff's claims under the PREA were dismissed on the ground that the statute does not create a private right of
action. *Order and Report and Recommendation*, ECF No. 15, PageID# 197; *Decision and Entry Adopting the Report
and Recommendation*, ECF No. 22, PageID# 231. Although Plaintiff attempts to reassert in his objections the
previously dismissed claims under the PREA and the Equal Protection and Due Process Clauses, the Court will not
revisit at this stage the earlier dismissal of those claims.

### III.    DEFENDANTS' OBJECTION

Plaintiff alleges that, on March 3, 2020,[2] Defendant Teague physically and sexually assaulted him in violation of the Eighth Amendment. *Amended Complaint*, ECF No. 16, PageID# 214. *See also Plaintiff's Verified Memorandum in Opposition to Defendants' Motion for Summary Judgment,* ECF No. 107, PageID# 1778 ("*Plaintiff's Memorandum in Opposition*"). In support of their motion for summary judgment, Defendants submitted evidence that conflicted with this claim. In particular, Defendants pointed to Plaintiff's own statements, made during interviews on the day after the alleged assault, in which he stated, among other things, "No force was used on me yesterday and I have no issues at this time." ECF No. 90-4, PagedID# 1211, 1219. The Magistrate Judge recommended that *Defendants' Motion for Summary Judgment* be denied as to this claim, reasoning that "Plaintiff has raised a genuine issue of material fact. . . ." *Report and Recommendations*, ECF No. 122, PageID# 2173.

In their objection to this recommendation, Defendants point to Plaintiff's statements and argue, "Plaintiff made no attempt to explain his written discrepancy as to whether or not Defendant Teague assaulted him when opposing Defendants['] summary judgment motion; nor did Plaintiff attempt to resolve the disparity." *Defendants' Objections*, ECF No. 127, PageID# 2192. In support of their argument, Defendants cite to authority holding that a "party opposing summary judgment must explain the contradiction or resolve the disparity in order for it not to be fatal towards their position." *Id*. at PageID# 2193. The cases on which Defendants rely are based on the "sham affidavit doctrine." *Aerel S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907-08 (6th Cir. 2006);*Wachenshwanz v. Dolgencorp, LLC*, No. 2:12-cv-1037, 2014 U.S. Dist. LEXIS 29594, *9 (S.D. Ohio Mar. 7, 2014); *Phillips v. Tradesmen Int'l, Inc.*, No. 2:05-cv-485, 2006 U.S. Dist. LEXIS 73396, 2006 WL 2940779 (S.D. Ohio Sept. 29, 2006. However, these cases, and the proposition for which they stand, are inapposite.

---

[2]  The pertinent date may have been March 4, 2020.  *Defendants' Motion for Summary Judgment*, ECF No. 87, PageID# 563.

Under the "sham affidavit doctrine," a party may not file an affidavit that contradicts his earlier sworn testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). An affidavit that directly contradicts prior sworn testimony should be stricken "'unless the party opposing summary judgment provides a persuasive justification for the contradiction.'" *France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016)(quoting *Aerel, S.R.L.*, 448 F.3d at 908). However, the doctrine applies only when the affidavit contradicts prior <u>sworn</u> testimony; the doctrine does not apply when the affidavit contradicts prior <u>unsworn</u> testimony. *Gallmore v. York*, Case No. 15-13283, 2018 WL 3245209, *6 (E.D. Mich. Feb. 14, 2018)(citing *Kilgore v. Trussville Dev. LLC*, 646 Fed. Appx. 765, 771 (11th Cir. 2016*); Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993); *Oyarzo v. Tuolumne Fire Dist.*, 955 F.Supp. 2d 1038, 1080 n. 19 (E.D. Cal. 2013), *aff'd in part, vacated in part*, 641 Fed. Appx. 700 (9th Cir. 2015)). Here, Plaintiff's prior conflicting statements were not made during a deposition nor were they made under oath. Although Plaintiff's prior statements may qualify as impeachment evidence, they will not serve to disqualify Plaintiff's verified statement from consideration on summary judgment.

Defendants' objection to the *Report and Recommendations* is without merit.

### IV. PLAINTIFF'S OBJECTIONS

As an initial matter, the Court addresses Plaintiff's complaint that the Magistrate Judge failed to construe Plaintiff's pleadings liberally. *Plaintiff's Objections*, ECF No. 128, PageID# 2263. It is true that the allegations and filings of a *pro se* litigant are to be held to less stringent standards than are the formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). It is clear, however, that the Magistrate Judge satisfied this obligation. Plaintiff's voluminous, hand-written filings were accepted and his contentions were fairly and fully considered. The Magistrate Judge did not err in this regard.

The Magistrate Judge recommended that Defendants McIntosh and Hill be granted summary judgment on Plaintiff's claim that these Defendants failed to protect him from the alleged July 2019 rape by Plaintiff's cellmate. *Report and Recommendations*, ECF No. 122, PageID# 2148-51. Plaintiff makes no objection to that recommendation, which the Court therefore adopts. See *Howard,* 932 F.2d at 509.

4

The Magistrate Judge also recommended that summary judgment be granted on Plaintiff's claim that Defendants Burke, Ewen, and Fournier likewise failed to protect him from his cellmate's assault, reasoning that Plaintiff's statements to these Defendants "that his cellmate was threatening him and making sexual advances are conclusory and not supported by any other evidence of record." *Report and Recommendations,* ECF No. 122, PageID# 2153. Relying on *Reedy v. West*, 988 F.3d 907 (6th Cir. 2021), the Magistrate Judge concluded, "Plaintiff has failed to present evidence that his cellmate had a propensity for violence, had a history of assaulting inmates or staff, or had a history of misconduct, and Plaintiff 'does not belong to a class of prisoners particularly vulnerable to assault.'" *Report and Recommendations*, ECF No. 122, PageID# 2154. This Court agrees with that analysis. Plaintiff's objection in this regard is without merit.

Similarly, the Magistrate Judge recommended that summary judgment be granted to Defendants Combs, Sarwar, and Luneke on Plaintiff's claim that these Defendants failed to protect him from an attack by his cellmate Harris in November 2019. Relying again on *Reedy*, the Magistrate Judge reasoned, "…Defendant Sarwar asserted that there was no separation order between Plaintiff and Harris, no history of violence, and no PREA complaint. Plaintiff has presented no evidence that inmate Harris had a propensity for violence, had a history of assaulting inmates or staff, or had a history of misconduct, and Plaintiff 'does not belong to a class of prisoners particularly vulnerable to assault.'" *Report and Recommendations*, ECF No. 122, PageID# 2156. The Court again agrees with the Magistrate Judge in this regard. Plaintiff's objection to this recommendation is without merit.

Plaintiff claims that Defendants Burke, Little, and Fournier denied him medical and mental health treatment following the alleged July 2019 rape. However, as the Magistrate Judge noted, the record establishes that Plaintiff actually underwent medical and mental health screenings and examinations in the days and weeks following the alleged rape. Citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Magistrate Judge concluded that these Defendants are therefore entitled to summary judgment on this claim. *Report and Recommendations*, ECF No. 122, PageID# 2158-61. In his objections, Plaintiff

complains that these Defendants failed to follow proper procedures under the PREA and he asserts that the failure to gather a "rape kit" resulted in the local prosecutor's decision not to indict the alleged rapist. *Plaintiff's Objections*, ECF No. 128, PageID# 2204-11. This objection, however, really amounts to an attempt to assert a claim under the PREA, which the Court previously dismissed. The Court therefore denies Plaintiff's objection in this regard.

Plaintiff claims that Defendant Eulenburg, the PREA Coordinator at WCI, and John Doe #2 were deliberately indifferent to Plaintiff's safety because they leaked his confidential statement regarding the alleged July 2019 rape, thus subjecting him to harassment and physical assaults by other inmates and staff. The Magistrate Judge recommended that the claim against John Doe #2 be dismissed, without prejudice, for failure to serve that defendant with process. *Report and Recommendations,* ECF No. 122, PageID# 2161. In his objections, Plaintiff represents that he now knows the identity of this John Doe defendant. He asks that he be permitted to amend the complaint to identify both John Doe #1 and John Doe #2 and to effect service of process on these individuals in order to proceed on his claims against them. *Plaintiff's Objections*, ECF No. 128, PageID# 2262. Because the two year statute of limitations governing Plaintiff's claims against the John Doe defendants has now passed, *see Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989), and because any amendment to the complaint to name these defendants would not relate back to the filing of the original complaint, *see Smith v. City of Akron,* 476 Fed. Appx. 67, 68-69 (6th Cir. 2012), Plaintiff's request is denied and the Magistrate Judge's recommendation in this regard is adopted.

The Magistrate Judge also recommended that summary judgment be granted to Defendant Eulenburg on this claim, reasoning that Plaintiff has not presented evidence that it was Defendant Eulenburg who leaked the statement, that Plaintiff has alleged, at most, that this Defendant was negligent in this regard, and that, in any event, Plaintiff has not alleged any injury as a consequence of the alleged leak. *Report and Recommendations*, ECF No. 122, PageID# 2162-63. Although the Court concludes that Plaintiff has sufficiently alleged injury, the Court agrees with the Magistrate Judge that Plaintiff has not

presented evidence that Defendant Eulenburg acted with deliberate indifference to Plaintiff's safety in connection with the alleged leak of his confidential report. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Plaintiff's objection in this regard is without merit.

Plaintiff claims that his television, which had been confiscated, "was shattered" when it was returned to him and attributed this action to Defendant Back for having reported this Defendant. *Plaintiff's Memorandum in Opposition*, ECF No. 107, PageID# 1780. He also claims that Defendant Little likewise retaliated against him in violation of the First Amendment. The Magistrate Judge recommended that summary judgment be granted on these claims of retaliation because Plaintiff has not presented evidence that it was Defendant Back who broke Plaintiff's television (assuming that the television had actually been broken), and that there was no evidence of adverse action on the part of Defendant Little. *Report and Recommendations*, ECF No. 122, PageID# 2164-67 (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Having carefully reviewed the record in this regard, the Court agrees with these conclusions. Plaintiff's objection is without merit.

Plaintiff also claims that Defendant Teague acted against him in March 2020 in retaliation for having filed complaints under the PREA and this lawsuit. The Magistrate Judge recommended that summary judgment be entered on this retaliation claim because Plaintiff had not presented evidence satisfying the causation element of *Thaddeus-X*: "There is no evidence to suggest that because Plaintiff filed a PREA complaint (against another inmate), Defendant Teague possessed a retaliatory motive to assault Plaintiff," *Report and Recommendations*, ECF No. 122, PageID# 2169, and this Defendant was not served with process in this lawsuit until three months after the alleged retaliatory conduct. *Id*., at PageID# 2170. In his objections, Plaintiff merely asserts, in conclusory fashion, that Defendant Teague was motivated to retaliate against him because of his PREA complaint and he speculates that this Defendant likely knew of the lawsuit prior to being served with process. *Plaintiff's Objections*, ECF No. 128, PageID# 2196-2202. Conclusions and speculation, however, will not serve as substitutes for evidence. Plaintiff's objection in this regard is without merit.

Plaintiff also asserts a claim of failure to train on the part of Defendant Mitchell, the Warden of WCI. The Magistrate Judge recommended that summary judgment on this claim be granted: "Plaintiff has not alleged that Defendant Mitchell encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Further, Plaintiff has not established that Defendant Mitchell 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct' of any Defendant." *Report and Recommendations*, ECF No. 122, PageID# 2171 (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). In his objections, Plaintiff continues to present only his conclusory assertion that this Defendant failed to train prison staff. The Court agrees with the Magistrate Judge that Defendant Mitchell is entitled to summary judgment on this claim.

Finally, to the extent that the record established no violation of Plaintiff's constitutional rights, the Magistrate Judge recommended that Defendants' invocation of qualified immunity was meritorious. *Report and Recommendations*, ECF No. 122, PageID# 2174-75. Plaintiff objects to that recommendation, arguing that Defendants violated his constitutional rights, as alleged in the *Amended Complaint*. *Plaintiff's Objections*, ECF No. 128, PageID# 2261. For the reasons stated herein, the Court agrees with the Magistrate Judge's recommendation in this regard and denies Plaintiff's objection.

In sum, the *Report and Recommendations*, ECF No. 122, is **ADOPTED and AFFIRMED**. *Defendants' Motion for Summary Judgment*, ECF No. 87, is **GRANTED** as to all claims against Defendants Burke, Ewen, McIntosh, Hill, Little, Fournier, Eulenburg, Combs, Sarwar, Luneke, Back, and Jackson Mitchell and as to Plaintiff's retaliation claim against Defendant Teague, and **DENIED** as to Plaintiff's sexual assault claim against Defendant Teague. The claims against Defendants John Doe #1 and John Doe #2 are **DISMISSED WITHOUT PREJUDICE**. *Plaintiff's Motion for Summary Judgment*, ECF No. 113, is, for the reasons stated herein, **DENIED.**

                                                             **Algenon L. Marbley, Chief Judge**
                                                             **United States District Court**

**DATED:  September 28, 2022**